J-S01015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID PAUL EVANS | : | |
| | : | |
| Appellant | : | No. 144 MDA 2021 |

Appeal from the Judgment of Sentence Entered December 22, 2020
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0001690-2019

BEFORE:   BOWES, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:                 **FILED: JANUARY 13, 2022**

David Paul Evans appeals from the judgment of sentence of thirty-two to seventy-two months of incarceration followed by seven years of probation. In this Court, Donna M. De Vita, Esquire, has filed an application to withdraw as Appellant's counsel and brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We deny counsel's application to withdraw and order additional briefing.

On January 1, 2014, Appellant had a fourteen-year-old minor perform oral sex upon him.  Upon admission of this act,[1] Appellant pled guilty to one

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The trial court offers a far more detailed account of Appellant's interactions with the minor in its opinion.   ***See*** Trial Court Opinion, 9/24/21, at 2-3.
*(Footnote Continued Next Page)*

count each of statutory sexual assault and corruption of minors. *See* 18 Pa.C.S. §§ 3122.1(a)(2), 6301(a)(1)(ii). Following a presentence investigation, the trial court imposed the aggregate sentence indicated above, which consists of consecutive standard-range sentences. At the sentencing hearing, the trial court did not state reasons for its chosen sentence or indicate that its sentence was informed by the presentence investigation report or any particular sentencing factors. Appellant filed a timely motion for reconsideration of sentence, which the trial court denied. This timely appeal followed, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

As noted, rather than file a brief advocating on Appellant's behalf, counsel filed in this Court both an *Anders* brief and a petition seeking leave to withdraw as counsel. Consequently, the following legal principles guide our review:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof . . . .
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the

---

However, almost none of the specifics contained therein was admitted by Appellant at his plea hearing. *See* N.T. Guilty Plea, 6/10/20, at 3-5. Indeed, one fact, that on a separate occasion Appellant had offered to allow the minor to skip school in exchange for oral sex, was specifically denied by Appellant and omitted from the Commonwealth's recitation of the factual basis for the crime before Appellant entered his guilty plea. *Id*. at 4-5.

right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa.Super. 2007) (citations omitted). Our Supreme Court has further detailed counsel's duties as follows:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, **supra** at 361.

Based upon our examination of counsel's application to withdraw and **Anders** brief, we conclude that counsel has substantially complied with the technical requirements set forth above.[2] Further, as required by **Santiago**, counsel set forth the case history with citations to the record, referred to an issue that arguably supports the appeal, stated her conclusion that the appeal is frivolous, and cited case law which supports that conclusion. **See Anders**

---

[2] Appellant did not file a response to counsel's petition.

brief 5-10. Therefore, we now proceed "'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" **Commonwealth v. Flowers**, 113 A.3d 1246, 1249 (Pa.Super. 2015) (quoting **Santiago**, **supra** at 354 n.5).

The issues arguably supporting an appeal cited by Appellant's counsel are as follows:

> A. Whether the trial court failed to state on the record the reasons for the sentences imposed as required by Pa.R.Crim.P. 708 (D)(2).
>
> B. Whether the sentences imposed were harsh and excessive and an abuse of discretion given the fact that [Appellant] was not determined to be a sexually violent offender and that sexual assault occurred on only one occasion and involved the same act.

**Anders** brief at 4 (unnecessary capitalization omitted).

Both claims implicate the discretionary aspects of Appellant's sentence. **See**, **e.g.**, **Commonwealth v. Fowler**, 930 A.2d 586, 593 (Pa.Super. 2007) (observing that a failure of the sentencing court to offer a statement of reasons goes to the discretionary aspects of the sentence, not its legality). Consequently, in reviewing the questions, we bear in mind the following:

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal

defect [pursuant to] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Lucky*, 229 A.3d 657, 663–64 (Pa.Super. 2020) (cleaned up).

Appellant timely filed a notice of appeal and a timely post-sentence motion for reconsideration of sentence. Additionally, counsel has included in her brief a statement pursuant to Pa.R.A.P. 2119(f) claiming that the trial court erred in failing to state on the record its reasons for the sentence imposed and that the sentence is harsh and excessive. The claims raise substantial questions. *See Commonwealth v. Malovich*, 903 A.2d 1247, 1253 (Pa.Super. 2006) (holding substantial questions presented by claims that trial court failed to state any reasons for its sentence and that the sentence was excessive in proportion to the offenses).

However, the trial court asserts, and counsel agrees, that these issues are waived because they were not raised at sentencing or in Appellant's post-sentence motion.[3] *See* Trial Court Opinion, 9/24/21, at 5 (indicating that Appellant's post-sentence motion only challenged the trial court's "imposition of a consecutive sentencing scheme"); *Anders* brief at 10. *See also Commonwealth v. Lynch*, 242 A.3d 339, 346 (Pa.Super. 2020) (considering

---

[3] It is solely on the basis of waiver that counsel asserts that this appeal is wholly frivolous. Counsel suggests that the issues, if preserved, could merit relief. *See Anders* brief at 10.

only the sentencing challenge raised in the appellant's post-sentence motion and finding the other waived); *Commonwealth v. Tukhi*, 149 A.3d 881, 888 (Pa.Super. 2016) ("An issue that is waived is frivolous.").

Our independent review of the proceedings reveals the following. In his post-sentence motion, Appellant contended that the trial court should impose concurrent rather than consecutive sentences "and/or" otherwise impose a lesser aggregate sentence that would allow Appellant to remain in the Lackawanna County Prison. *See* Motion for Reconsideration of Sentence, 12/29/20, at ¶ 8. Appellant's bases for the modification were that both of his convictions arose from the same incident, he had already served twenty-one months with no misconducts, his prior record score was only two, he suffered from mental health issues that impaired his judgment at the time of the offense, and he had taken full responsibility for his actions. *Id*. at ¶¶ 3-6.

The post-sentence motion contains no complaint about the trial court's failure to state the reasons for its sentence as required by 42 Pa.C.S. § 9721(b) ("In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences a person following revocation of probation or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed."). Accordingly, we agree with counsel that this claim was waived and cannot serve as a basis for this appeal.

However, it is not so clear that the excessive-sentence claim was not preserved. Certainly, Appellant's post-sentence motion did not use the terms "harsh" or "excessive," and did request concurrent rather than consecutive sentences. Yet, the gist of the motion was that a state sentence was more than was warranted under the circumstances of the case, namely the mitigating factors and the fact that his convictions relate to a single criminal act. **See** Motion for Reconsideration of Sentence, 12/29/20, at ¶¶ 3-6.

Contrary to Attorney De Vita's submission, asserting that an excessive-sentencing claim was sufficiently preserved in Appellant's post-sentence motion would not constitute a violation of counsel's duty not to pursue frivolous appeals. Moreover, now that the trial court has identified the reasons for its decision and the factors upon which it relied in imposing high-standard-range, consecutive sentences, counsel has the ability to cite specific bases why Appellant's aggregate sentence is the product of an abuse of discretion.[4]

_____

[4] For example, the trial court opines in the alternative to waiver, Appellant's excessiveness claim fails because his convictions were not based upon a single incident and he is not entitled to "a volume reduction" for separate criminal acts. **See** Trial Court Opinion, 9/24/21, at 12. Specifically, the trial court references the Commonwealth's affidavit of probable cause, which included the minor victim's allegation that, on a different date and time, Appellant offered to allow her to skip school if she performed oral sex on him. **Id**. However, as we mentioned in footnote one *supra*, Appellant expressly denied that the school-skipping incident occurred, and it formed no basis of any conviction for which Appellant was sentenced. **See** N.T. Guilty Plea, 6/10/20, at 4-5. Hence, counsel could argue that the trial court's decision to increase Appellant's sentence on this basis was improper. **See Commonwealth v. Stewart**, 867 A.2d 589, 593 (Pa.Super. 2005) ("[A] manifest abuse of
*(Footnote Continued Next Page)*

Accordingly, we cannot agree with counsel that a challenge to Appellant's sentence based upon excessiveness in light of the circumstances of the case is so clearly devoid of merit to render this appeal wholly frivolous. While Appellant's right to relief is far from clear at this stage, our review of the certified record suggests that counsel has the ability, based upon the law and the facts of record, to make a good-faith argument that Appellant preserved his claim and that it merits relief.

Consequently, we deny Attorney De Vita's application to withdraw and instruct counsel to file an advocate's brief as to the excessive-sentencing claim within sixty days of the date of this memorandum. The Commonwealth may file a brief in response within thirty days thereafter.

Application of Donna M. De Vita, Esquire, to withdraw as counsel is denied. New briefs are ordered. Panel jurisdiction is retained.

Judge Colins joins this Memorandum.

Judge Nichols concurs in the result.

---

discretion exists when a sentence is enhanced due to charges that have been *nolle prossed* as part of a plea agreement, because notions of fundamental fairness are violated.").